THE UNITED STATES DISTRICT COURT WESTERN DIVISION OF TEXAS EL PASO DISTRICT

FILED
FEB 26 2021
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ fm _____
DEPUTY CLERK

Alberto Solis Rodriguez #2217247

EP21CV0047

v.

Texas Board Pardons & Paroles 8601 shoal Blvd Austin TX

MOTION LEAVE TO FILE NOTICE error OF LAW THE TEXAS DEPARTMENT of Criminal Justice Board of Pardons and Paroles Flawed LEGAL Conclusion.

TO THE Honorable Justice of Said Court;

Comes now, Alberto Solis Rodriguez,

movant notifies this honorable court the Procedure under Last Review used to deny this Prisoner his Priviledge to Parole, a Partial Liberty INTEREST, has been deemed unconstitutional.

Re: Lince v. Mathis, 519 U.S. 433, 117 S. Ct. 891 (1997).

Note: An unconstitutional action that denies Liberty creates a real legal interest issue.

The Texas Department of Criminal Justice Parole Division has violated Due Process Safeguards of the Texas and United States constitutions denying equal protection under law.

## NOTICE

The eleventh Amendment immunities of unlawful state officials should be denied and joined herein as Libel.

The State Prisoner is now harmed against his Priviledge of Partial Liberty having been denied by unlawful personal indifferences of state officials abusing a Rule without due cause to withhold Partial Liberty from the prisoner which is a federal question reaching the United States Constitution and the Prisoner now objects to the continued imprisonment of his Liberty.

The Federal Question is a issue of Liberty that has been unlawfully interferred with by state official abusing the power of his/her office, abuse of duty abusing a Rule without due cause becomes a Federal Question, Reaching the constitution.

Texas state Parole officials are intentionally oppressing Texas Prisoners depriving Liberty in violation of United States Constitution 14 §1.3 Judicial.

Due to the Deprivation. insufficient real cause to continue to constitutionally imprison the Prisoner it has constituted an unlawful action by illegal Procedure under false interests.

The Federal Supreme Court has held that Ex Post facto clause Analysis requires Courts to consider not only the relevant statutes, but also relevant administrative rules, regulations, guidelines, and Practices.

Re: Garner v. Jones, 529 U.S. 244, 255, 120 S. Ct. 1362 (2000).

Administrative Guidelines are not Laws, and for this Purpose, Parole officials discretion are a concern.

## DECLARATION

Any state department rule that cancels provisional early release has been deemed an abuse of regulatory power and unconstitutional.

Re: Fletcher v. Reilly 433 F.3d 867, 876-77, 879 (D.C. Cir. 2006).

In this instance, the prisoner has served 3½ yrs, of his sentence of 5 years.

Even since the changes in statutes and regulations can violate ex post facto clause by falsified disciplinary proceedings that void real review and or criteria for release, the real matter remains unresolved.

Re: Recission of parole date deny's due process.

See: McCarnes v. Dexter, 534 F. Supp. 2d 1138, 1149-56 (C.D. Cal. 2008).

See also: Exparte Martinez, 742 S.W. 2d 289, 298-92 (Tex. Cr. App. 1987).

## Holding Constitutional Pardon

Due to the Parole Statutes of Texas, The Fed S. Ct., holds that its Parole Statutes creates a Liberty Issue. Notes Therefore, there is a due Process right to have the Decision made only in accordance with the statutory criteria.

SEE: GRAZIANO v. Pataki, 2006 WL 2023082, *7 (S.D.N.Y., July 17, 2006).

Also: IRONS v. CARY, 505 F.3d 846, 854 (9th Cir. 2007)

## PRAYER

Prisoner Prays the court to Grant by its Lawful order, relief from official failing to Perform Duties that now Deny the Priviledge of Parole.

02, 20, 2021        X _Otto Rleim_
                    #2217247
                    TDCJ Identification

United States District Court of Texas
Western Division El Paso District
525 Magoffin, Ave., Suite 105
El Paso Texas 79901

Alberto Solis Rodriguez #2217247
Lynaugh Unit
1098 S. Hwy 2037
Fort Stockton, TX 79735

RECEIVED
FEB 2 6 2021
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ TM
DEPUTY CLERK

MIDTEX PASO TX 798
RIO GRANDE DISTRICT
24 FEB 2021 PM 2

United States District Court of Texas
Western Division El Paso District
525 Magoffin Ave. Suite 105
El Paso, TX 79901