IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **ALBERTO SOLIS RODRIGUEZ,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. EP:21-CV-47-KC |
| | § | |
| **TEXAS BOARD OF PARDONS** | § | |
| **AND PAROLES,** | § | |
| Respondent. | § | |

### DISMISSAL ORDER

Alberto Solis Rodriguez, state prisoner number 2217247, challenged a decision by the Texas Board of Pardons and Paroles (the Board) to deny him parole through a pro se pleading. Pet'r's Pet., ECF No. 1. He claimed the Board erred when it relied on "falsified disciplinary proceedings." Id. at 4. In the alternative, he maintained the Board violated the United States Constitution's Ex Post Facto Clause when it relied on retroactive changes in the laws governing parole. Id. He asked the Court to intervene in his behalf and order "relief from [the Board] failing to perform duties that [denied him] the privilege of parole." Id. at 5.

The Court noted multiple deficiencies with Rodriguez's pleadings when it conducted a preliminary screening. See Orders, Notice, and Advisories, ECF No. 2. It accordingly ordered Rodriguez to take appropriate corrective actions. Id. It warned Rodriguez that his failure to take these actions could result in the dismissal of his claims. Id.

Rodriguez failed to timely respond to the Court's orders. Consequently, his pleading will be dismissed for failure to prosecute and failure to comply with the Court's orders.

### NATURE OF THE PROCEEDING

The Court observed that Rodriguez did not label his pleading. Id. It concluded that, since he was "challenging the result of a specific defective parole hearing, or [was] challenging a

parole board's rules and procedures that affect[ed] his release, and resolution would automatically entitle him to accelerated release, then [his] challenge must be pursued by writ of habeas corpus." Id. (quoting Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995)).

The Court accordingly construed Rodriguez's pleading as a petition for a writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254. Id. at 2. It observed that, according to Local Rule CV-3(b)(2), a petition for a writ of habeas corpus "shall be made on forms supplied by the court or set forth in detail all the information requested in the court's forms." Id. (quoting W.D. Tex. Civ. R. 3(b)). It noted that Rodriguez submitted his petition on plain paper and did not provide all the information requested in the standard form. Id. It concluded that Rodriguez had not substantially complied with Local Court Rule CV-3(b). Id. It further concluded that it should require Rodriguez to resubmit his petition—with all of the requested information—before it could properly address the merits of his claims. Id.

## FILING FEE

The Court also observed that Rodriguez had not paid the $5.00 filing fee or asked for leave to proceed without prepaying costs or fees. Id. It determined that he had to either pay the filing fee or apply to proceed in forma pauperis before the Court would consider his claims. Id.

## EXHAUSTION

The Court noted that—as a prerequisite to obtaining § 2254 relief—a petitioner must exhaust all remedies available in the courts of the State. Id. (citing 28 U.S.C. § 2254(b)(1), (c); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999)). The Court further noted that Rodriguez had not alleged—and the on-line records of the Court of Criminal Appeals did not show—that he had

2

presented his claims to the highest court for the State of Texas prior to seeking federal habeas corpus relief.  Id. at 3.  Moreover, the Court noted that Rodriguez had not shown that it should excuse the exhaustion requirement because (1) he did not have an opportunity to obtain redress in a state court or (2) the corrective process in the state courts was so clearly deficient as to render futile any effort to obtain relief.  Id. (citing Graham v. Johnson, 94 F.3d 958, 969 (5th Cir. 1996) (citing Duckworth v. Serrano, 454 U.S. 1, 3 (1981)).

The Court explained that "a federal court may raise *sua sponte* a petitioner's failure to exhaust state law remedies and apply that doctrine to bar federal litigation of petitioner's claims until exhaustion is complete."  Id. at 3–4 (quoting Magouirk v. Phillips, 144 F.3d 348, 357 (5th Cir. 1998) (citing Granberry v. Greer, 481 U.S. 129, 129–33 (1987)).  It noted, however, that before taking this action, a court must give a petitioner "notice and an opportunity to respond to the exhaustion issue."  Id. at 4 (quoting Kurtzemann v. Quarterman, 306 F. App'x 205, 206 (5th Cir. 2009) (citing Day v. McDonough, 547 U.S. 198, 209–10 (2006)).

## ORDERS, NOTICES, AND ADVISORIES

The Court, therefore, ordered the District Clerk to forward to Rodriguez blank copies of the forms currently used in the Western District of Texas for (1) a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and (2) an application to proceed in forma pauperis.  Id.  It further ordered Rodrigues—within 21 days of the entry of the order—to complete and return the form petition and either (1) pay the $5.00 filing fee or (2) complete and return the form application to proceed in forma pauperis.  Id.  It also gave Rodriguez notice that he had to address the exhaustion requirement.  Id.  It warned Rodriguez that his failure to comply with the Court's orders within the time specified could result in the dismissal of his civil action

without further notice to him.    Id. at 5 (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630–31 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988) (stating that a district court has inherent authority to dismiss an action *sua sponte* for failure to prosecute or to comply with a court order)).

## FINDINGS AND CONCLUSIONS

As of this date, Rodriguez has not filed a petition for a writ of habeas corpus which complies with Local Rule CV-3(b)(2).    He has also not paid the filing fee or applied to proceed in forma pauperis.    In fact, he has not responded in any way to the Court's orders, notices, and advisories.

The Court, therefore, concludes that Rodriguez has abandoned his claims and it should dismiss his petition without prejudice.    See Tello v. Comm'r, 410 F.3d 743, 744 (5th Cir. 2005) (" 'We will affirm dismissals with prejudice for failure to prosecute only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile.' ") (quoting Berry v. CIGNA/RSIBCIGNA, 975 F.2d 1188, 1191 (5th Cir. 1992)).    Such a sanction is necessary in order to prevent undue delays in the disposition of other pending cases and to avoid congestion in the Court's calendar.    Link, 370 U.S. at 629B30.    No less drastic sanction is available here, given that Rodriguez has not responded and has not shown an interest in further pursuing his

4

claims.   See Rice v. Doe, 306 F. App'x 144, 146 (5th Cir. 2009) (affirming dismissal based on inmate's failure to comply with a court order).

Accordingly, for the reasons discussed above, **IT IS ORDERED** that Rodriguez's pleading (ECF No. 1) —which the Court construes as a petition for a writ of habeas corpus under 28 U.S.C. § 2254—is **DISMISSED WITHOUT PREJUDICE** for want of prosecution and for failure to comply with a court order.   **IT IS FURTHER ORDERED** that Rodriguez is **DENIED** a certificate of appealability because reasonable jurists would not disagree with the Court's disposition of this matter.   **IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED**.   **IT IS FINALLY ORDERED** that the District Clerk to **CLOSE** this case.

**SIGNED this 13th day of April, 2021.**

_____
**KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE**